**Dressler v. Pannell**

*Randall E. Zimmerman,* for plaintiffs.

*Linus Fenicle,* for defendants.

REHKAMP, *J.,* April 26, 1993—One of the issues for my consideration is the question of whether or not an attorney/client relationship has been established between Randall Zimmerman, Esq., and defendants, more specifically, Robert T. Pannell II, by virtue of a phone conversation initiated by Mr. Pannell to Randall Zimmerman sometime previous to the institution of the present proceedings. During that phone conversation,

Mr. Pannell related certain factual information to Mr. Zimmerman and, according to his testimony, Mr. Zimmerman agreed to represent him in this matter if it went to court. However, Mr. Zimmerman advised him that certain steps should be taken, including a title search, before the matter should be considered to be taken to court. Subsequent thereto, Mr. Zimmerman was contacted by plaintiffs and he then wrote a letter to Mr. Pannell indicating that he would be representing plaintiffs in this action. No fee or compensation was paid to Mr. Zimmerman by Mr. Pannell, although Mr. Pannell indicates that he asked if he should pay a retainer which Mr. Zimmerman declined at that time.

According to a letter attached to plaintiffs' complaint and marked Exhibit "C," Mr. Zimmerman indicates that he had a telephone conversation with Mr. Pannell back in October 1991 and the letter was dated November 24, 1992. In said letter, Mr. Zimmerman indicates that he has not spoken with Mr. Pannell since that brief phone conversation and does not represent him.

It is clear from the correspondence from Mr. Zimmerman that he did not feel that an attorney/client relationship had been established by the brief telephone conversation. On the other hand, Mr. Pannell testified that he felt that there was an attorney/client privilege and he was shocked and surprised at the November 24, 1992 letter and responded with a phone call to Mr. Zimmerman at home expressing his displeasure. In its research, the court has determined that a payment of a retainer is not required to establish an attorney/client privilege which would invoke the Canons of Professional Ethics outlined in defendants' memorandum to the court. However, this court is mindful of the telephone contacts that occur by people

in a rural area where local attorneys are consulted over the phone for no fee and in many cases that is the extent of the contact.

This court is satisfied that no attorney/client privilege exists under the limited context of this case and therefore Mr. Zimmerman is not disqualified from this case from representing the plaintiffs.

On the issue of preliminary injunction, this court is not prepared to make a decision on that issue until other parties have been joined in this matter and state their interest of record. Therefore, a decision is deferred until plaintiffs have joined additional defendants who own land along the abandoned public road which would provide an alternate access to plaintiffs' property.